## ZACK HURD, RESPONDENT, *v.* UNION PACIFIC RAILWAY COMPANY, APPELLANT.

MASTER AND SERVANT.—PERSONAL INJURY.—NEGLIGENCE.—Where the evidence as to the particular act of negligence complained of is conflicting, the verdict of the jury will not be disturbed.

ID.—ID.—ID.—STATEMENT OF CASE.—Where the negligence alleged in the complaint was the want of reasonable care by having an engine which was defective and unsafe on account of the throttle and other appliances about the engine being worn, defective, inadequate, and unsafe, and the evidence tends to show that the engine moved while the throttle was closed, and was an old engine much worn and had been frequently repaired, and was required to be blocked when standing with the brake and lever properly set, and had moved on a number of occasions before when lever and brake were properly set, even after being repaired, and no contributory negligence was claimed or shown; *held* that a verdict for the plaintiff for damages caused to him by the engine moving, when it had been left standing with the throttle closed and the brake set, would not be disturbed for failure to show some specific act of negligence.

ID.—ID.—ID.—EVIDENCE.—In a personal injury case where the negligence claimed was the defective condition of the engine whereby it moved when left standing with the throttle closed and the brake set, and thereby caused the injury complained of, and the evidence tended to support the allegation; *held* that it was inadmissible to show in defense that other engines, when steamed up, had moved without human agency independently of any discoverable defect.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

16

*Messrs Williams and Van Cott,* for the appellant.

*Messrs. Evans and Rogers* and *Mr. A. G. Horn,* for the respondent.

Anderson, J.:

This action was brought by the plaintiff to recover from the defendant damages alleged to have been sustained by the plaintiff by reason of the alleged negligence of the defendant. The plaintiff, at the time of the alleged injury, was in the employ of the defendant, and was at work at its coal bins and chutes, used by the defendant for supplying its engines with coal. The particular negligence complained of was that an engine belonging to the defendant, which plaintiff was engaged in coaling, was defective and unsafe; that the throttle of the engine and the other appliances connected therewith were worn, defective, inadequate, and unsafe; that this unsafe condition of the engine could have been known by the use of ordinary diligence, and was known to the defendant, and was unknown to the plaintiff; and that, while plaintiff was engaged in coaling the engine, it moved and commenced running, and, without any fault or negligence on his part, caught his leg between the engine and coal chute, whereby his leg was crushed and broken. The answer of the defendant denied the negligence alleged in the complaint. There was a verdict and judgment in favor of the plaintiff. The defendant filed a motion for a new trial, which was overruled, and the defendant brings this appeal from the judgment, and from the order overruling the motion for a new trial.

The ground principally relied on for reversal by counsel for defendant is that the verdict is unsupported by the evidence. It is not claimed that plaintiff was guilty of any negligence contributing to the injury complained of, nor that the damages awarded are excessive, nor that

there was any error in the instructions given to the jury; but counsel contend that the evidence fails to show any negligence on the part of the defendant, and that therefore plaintiff is not entitled to recover. The evidence was undisputed that, while plaintiff was shoveling coal from the coal chute to the tender, the engine, without human agency, moved, whereby his leg was injured. None of the witnesses were able to explain with certainty the immediate cause of the movement of the engine by which the accident was caused. The evidence showed the engine was an old one, much worn, and had been frequently repaired. The fireman testified the engineer left the engine at the station, and that he (the fireman) ran the engine up to the coal chute, and stopped it, and left the lever on the engine one or two notches back of the center, towards the tank; that it should have been left on the center, and that he applied the air brake; that the engine stood still four or five minutes, when it moved, causing the injury to the plaintiff. The evidence also showed that the cylinder cocks were closed, and that no one touched the lever. The witnesses generally agreed that an engine left in this way, if in good repair, would not move. There was evidence tending to show that this engine had been known to move, on a number of occasions, when left standing with the brake and lever properly set, moving on one occasion nearly two car lengths; and that one engineer who had charge of it usually had a stick, with a piece of cloth, which he fastened about the throttle, to hold it against the rachet when the engine was left standing to keep it from moving; also that when the men had occasion to go under the engine they would block it to prevent it from moving, and which was not usually done with an engine in good repair. There was evidence also tending to show that this defective condition of the engine had existed for a number of months before the accident, and, though frequent repairs had been made,

those who worked about it observed these precautions after the repairs had been made. The testimony of the witnesses for the defense tended to show that the engine was in good repair at the time of the accident, and was reasonably safe for use in the ordinary way, if properly handled.

We have carefully read the testimony, and think there was sufficient evidence to justify the court in submitting the question of the negligence of the defendant to the jury, and they have found adversely to the defendant. The evidence being conflicting, it was a question which it was the peculiar province of the jury to determine, and we do not think the verdict is so far unsupported by the evidence as to justify us in granting a new trial on this ground.

Counsel for appellant asked one of the witnesses for the defense the following question: " Have you ever known of instances in which engines, steamed up, have moved without human agency, and independent of any defect that you could discover in any part of the engine?" This was objected to by counsel for plaintiff, and the objection was sustained by the court; and this ruling is assigned as error. We think the ruling of the district court was correct, and was not in conflict with the case of *District of Columbia* v. *Armes*, 107 U. S. 524, 2 Sup. Ct. Rep. 840, as contended by counsel for appellant. That was a case to recover damages for injuries from a fall, caused by a defective sidewalk in the city of Washington. The sidewalk had been left in an unguarded and dangerous condition, and the court held that the plaintiff might show that while it was in that condition other like accidents had occurred at the same place, for the reason that it tended to show the dangerous character of the place; and that, from the publicity necessarily given such accidents, it tended also to show that the city authorities had notice of the dangerous character of the locality. If testimony,

however, had been offered that other people had fallen on other sidewalks in the city, we think the court would not have held it admissible. If the court had admitted evidence in the present case that other engines, at other times, had started without any apparent cause, it would have tended to introduce collateral issues and mislead the jury, and draw their minds away from the matter directly in issue before them. We find no error in the record, and the judgment of the district court is affirmed.

ZANE, C. J., and BLACKBURN, J., concurred.